(57 Misc. Rep. 511.)

BEEBE et al. v. BELLAMY et al.

(Supreme Court, Special Term, New York County. January 1908.)

WILLS—CONSTRUCTION—APPLICATION OF ESTATE.

Testator gave the residue of his estate to his wife for life, with the intention that she shall have the free and full use of the rents and profits so long as she might live, with the right to enjoy the principal of the estate if she in her discretion shall find it desirable for her comfort or happiness, without question or accountability, and without giving any security. *Held*, that the application of the principal to testator's wife was not dependent on the exercise of her discretion, and where, after testator's death, she became insane, the executor should apply such portion of the principal as was necessary for her maintenance.

Action by Henry W. Beebe and others, executors, against Ellen J. Bellamy and others, to construe a will. Decree rendered.

William Bell Wait, Jr., for plaintiffs.

James H. Edwards, guardian ad litem, for infant defendants.

Henry J. Abbott and John J. Saxe, for committee of defendant C. E. Bellamy.

BISCHOFF, J. Action for the judicial construction of the last will and testament of Albert Bellamy, deceased, and for instructions to the executors and to the committee of the life beneficiary, an adjudged incompetent. Albert Bellamy died, leaving a last will and testament wherein and whereby, after providing for the payment of his debts and funeral expenses, he devised and bequeathed all the rest, residue, and remainder of his estate, real, personal, and mixed, to his wife, Charlotte E. Bellamy, for and during the term of her natural life, "it being my intention," saith the testator, "that she shall have the free and full use of the rents, issues, interests, income and profits so long as she shall live, with the right to use and enjoy the principal or corpus of my estate if she in her discretion should find it desirable or expedient for her comfort or happiness to apply the same to her use, and without question or accountability in the premises, and without giving any security of any kind, nature or description whatever; and should my said beloved wife so survive me, then and in that event I do nominate, constitute and appoint her, should she be mentally and physically capable of attending to the duties of that office, the sole executrix of this my last will and testament. * * * Should she not be mentally or physically capable of acting as executrix, then I do nominate, constitute and appoint Henry Warren Beebe and Henry Crofut White executors hereof, either conjointly with her, or, should she not qualify, in her place and stead." The remainder of the testator's estate, upon his wife's death, is devised and bequeathed to others.

He was survived by his wife, and the latter has since been adjudged of unsound mind; a committee of her person and estate having been duly appointed. She is at the present time in a sanitarium; the necessary and reasonable expenses of her maintenance there being about $125 per month. Her own estate does not exceed in value $1,200, and is composed mainly of personal effects. The net value of the testator's estate is about $7,500, and its annual net income considerably less than $400. In view of the widow's very apparent needs, this action, to which all interested persons have been made parties, has been brought by the executors for a construction of the will and for instructions respecting the right of the executors and of the committee of the widow to resort to the corpus of the testator's estate for her decent support; the pivotal question being whether the "discretion" lodged by the words of the will in the widow has devolved upon the court, her committee, or upon others, because of her incapacity.

Were the true meaning of the will under review that the widow's exercise of discretion constituted a condition precedent of her right to resort to the corpus of the testator's estate for the purposes of her needs, I should be inclined to the view that her incapacity has worked no devolution of such discretion, that the discretion intended by the testator was personal to the widow, and that her incapacity effectually prevents such a resort. I am referred by counsel to cases where the court elected between the provisions of a will and the right of dower in behalf of an insane widow; but those have no application to the case at bar. There it was the intention of the widow which was to be considered, predicated of her right. Here it is the intention of the testator which is to be determined, since it is his intention which controls the disposal of his estate. By the wording of his will the discretion was lodged in his widow exclusively. He made no provision for the event of her incapacity; and while we may construe his will and ascertain his intention therefrom, we may not supplement it or make a will for him. But as I read the will the widow has an absolute right to resort to the corpus of the estate; her right being measured by her needs. She cannot give or will it away; but so far as her "comfort" requires she may apply the corpus to her needs, even to the point of its exhaustion. Whatever the confusion may be, it is plainly attributable to the scrivener's profusion, and not to any lack of certainty as to the testator's meaning. Plainly the language "if she in her discretion should find it desirable or expedient" means and was intended to mean no more than that she should have "the right to use and enjoy the principal or corpus" of the estate and apply it to "her own use, without question or accountability" therefor. The testator was aware of his wife's affliction. She had been occasionally cared for by him at a sanitarium. He was solicitous for her, and provided for the substitution of others, should his wife at the time of his death have become mentally incapable of administering upon his estate.

His general intention is plain. It was to provide for his widow, firstly, out of the income of his estate, and, secondly, if the income should prove deficient, then out of the corpus. She was to be provided for in preference to all others, and was to be freed from all accountability for her resort to the corpus of the estate so long as she

applied it for the promotion of her "comfort"—her well-being. If the words "if she in her discretion should find it desirable or expedient" be stricken from the will, no violation is done to the testator's plain intention. Remaining, they mean no more than that the widow may apply the corpus to her needs if she so wills—a mere redundancy, if read in connection with the preceding words "with the right to use and enjoy the principal or corpus of my estate" for "her own use." "Ex antecedentibus et consequentibus fit optima interpretatio." Brown Leg. Max. (8th Ed.) 577. "There are," said Sir J. Leach, "two principles of construction upon which it appears to me that a court may come to a conclusion without the necessity which, if possible, is always to be avoided, of declaring the will void for uncertainty. First, if the general intention of the testator can be collected upon the whole will, particular terms used which are inconsistent with that intention may be rejected as introduced by mistake or ignorance on the part of the testator as to the force of the words used" (quoted in Brown's Legal Maxims [8th Ed.] 584), and our Court of Appeals in Phillips v. Davies, 92 N. Y. 199, 204:

"If such was the real meaning and intention of the testatrix, if an examination of the whole will force that conviction, if its plain and definite purposes are endangered by inapt or inaccurate modes of expression, and we are sure that we know what the testatrix meant, we have a right and it is our duty to subordinate the language to the intention. In such a case the court may reject words and limitations, supply them, or transpose them, to get at the correct meaning."

A decision and judgment conforming to the views expressed may be submitted for my signature upon notice of settlement unless the same are approved. The judgment may provide for the payment to the committee for the use of the widow of the sum of $125 per month out of the principal and income of the testator's estate. It should also provide for a modification of its provisions at any time, as the needs of the widow may vary, upon notice to the parties interested.

Ordered accordingly.